UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABDEL MOHAMED HAMIDAH, ET AL. | CIVIL ACTION |
| VERSUS | NO: 20-2253 |
| PC BAYWOOD, LLC, ET AL. | SECTION: "A" (3) |

### ORDER AND REASONS

The following motions are before the Court: Motion in Limine to Exclude the Reports, Testimony, and Opinions of Kenneth Cahill, filed by Defendants AND Motion to Exclude Defendants' Fire Investigation Expert Richard Jones, filed by Plaintiffs. For the reasons that follow, both motions are DENIED.

The matter before the Court arises from a fire at the Baywood apartment complex, which is owned by Defendant Baywood, LLC ("Baywood"), managed by Defendant Multifamily Management, Inc. ("Multifamily"), and insured by Defendant Everest Indemnity Insurance ("Everest"). Plaintiffs were tenants when the apartment complex burned down on October 2, 2019. Plaintiffs filed this lawsuit to recover from damages to personal property they claim was destroyed in the fire. Plaintiffs retained Mr. Kenneth Cahill as an expert in the field of property damage evaluation. Defendant retained Mr. Richard Jones as a fire investigation expert. Both parties moved to exclude the testimony of their respective opposing experts under Rule 702 of the Federal Rules of Evidence.

The District Court is the gatekeeper of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993); *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). The predicate for expert testimony is Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Amongst a "Daubert" challenge, the burden of proof rests with the party seeking to illicit the expert testimony. *Johnson v. Samsung Electronics Am.*, Inc., 277 F.R.D. 161, 164 (E.D. La. 2011). Expert testimony must not only meet the criteria of Rule 702, but also must be reliable and relevant to the matter at issue, to be admissible.

Parties also have a duty to disclose expert testimony to their opposing parties. The disclosure must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.  Fed. R. Civ. P. 26(a)(2)(B).

Expert reports must be detailed and complete, including the testimony that will likely be presented during direct examination at an impending trial. *United States v. Cytogel Pharma, LLC*, CV 16-13987, 2018 WL 6169266, at *11 (E.D. La. Nov. 26, 2018), quoting *Honey-Love v. United States*, 664 F. App'x 358, 361 (5th Cir. 2016). An expert report that does not "provide the basis and reasons for the stated opinions, or that refer[s] to the basis for the opinions only in vague terms, [is] insufficient under Rule 26(a)(2)(B)."

*Cytogel Pharma, LLC*, CV 16-13987, 2018 WL 6169266, at *11.  The purpose of the rule is not for parties to have to rely on alternative methods of discovery to obtain the information that Rule 26 mandates parties disclose.

***Plaintiff's Expert - Kenneth Cahill***

Defendants moved to exclude Mr. Cahill as an expert in field property damage valuation because Defendants allege Mr. Cahill's conclusion is a mirror image of the list of the damaged property he received from Plaintiffs.  In determining an expert's reliability, for purposes of Daubert, the court's focus must be solely on principles and methodology, not on the conclusions that they generate.  *Id.* at 165. Fed.Rules Evid.Rule 702, 28 U.S.C.A.  Here, Mr. Cahill relies on a list of the damaged property that was provided to him by the property owners.  The valuation of such property is a fact at issue for the jury to decide.  Mr. Cahill used reliable principles and methods of using the Xactimate Software when applying the data he received from the Plaintiffs.  As such, the Court does find that Plaintiff has reached the threshold necessary for Mr. Cahill to provide expert testimony in the field of fire damage valuation.

However, the Court finds that Mr. Cahill's report has deficiencies according to Rule 26 of the Federal Rules of Civil Procedure.  On viewing Mr. Cahill's report, it is nothing more than a subtotal of personal property without much description, analysis, or reasoning for why that property is included in the list.  Mr. Cahill did not include any opinions in his report, did not include any narrative of where the descriptions he obtained came from, and did not include any explanation of what program he employed to calculate his list.  Ultimately, the issues caused by the Rule 26 deficiencies in Mr. Cahill's report were somewhat cured through his deposition. Mr. Cahill was examined by defense

counsel and seemed to try to answer *some* of the questions that included information that should have been disclosed to Defendants in accordance with Rule 26. Still, the Court is not satisfied with the simplicity of Mr. Cahill's "report". Mr. Cahill will have **FIVE (5)** days to supplement his report in accordance with Rule 26, or he will be excluded from being called as a witness at trial. If Defendant is not satisfied with the disclosure, the Court will allow it to re-depose Mr. Cahill or re-urge their objection. The Court notes that for the purposes of trial testimony, Mr. Cahill will be limited **ONLY** to the conclusions he included in his written report and included in his deposition, and his trial testimony will be narrowly constrained to those two pieces of discovery.

### *Defense's Expert – Richard Jones*

Plaintiffs moved to exclude Richard Jones, proffered as an expert in fire investigations, on the basis that he speculated in formulating the basis of his conclusions. The objections that Plaintiff bring to Mr. Jones' expert conclusions are matters of cross-examination, not objections that would lead to the exclusion of the testimony at trial. Plaintiff's motion to exclude relies heavily on Mr. Jones allegedly misapplying National Fire Protection Association standards. The Court finds that these standards are not dispositive of whether a witness is qualified under 702 of the Federal Rules of Evidence, and that Defendants have satisfied the rule accordingly for Mr. Jones to give an opinion about fire investigations.

Accordingly;

**IT IS ORDERED** that Plaintiffs' **Motion to Exclude Defense Expert Testimony of Richard Jones (Rec. Doc. 42)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Exclude Plaintiff's**

Expert Testimony of Kenneth Cahill (Rec. Doc. 48) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff expert witness Kenneth Cahill is to supplement his expert report within 5 days of this order or shall be excluded from testifying at the trial**.**

October 3, 2022

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE