UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABDEL MOHAMED HAMIDAH, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-2253 |
| PC BAYWOOD, LLC, ET AL. | SECTION "A" (3) |

### Order

The following motions are before the Court: **Motion in Limine to Exclude the Reports, Testimony, and Opinions of Bill Price (Rec. Doc. 124)**, filed by Defendants; **Motion to Bifurcate and Separate Juries (Rec. Doc. 121)**, filed by Plaintiffs; and a **Motion for Summary Judgment (Rec. Doc. 123)**, filed by Defendants.

The Plaintiffs filed this lawsuit after a fire destroyed their rented apartments that were owned by Defendant PC Baywood ("PC"). The Plaintiffs are three separate families who rented three separate apartments from Defendants. All three families lived in Building 11 of the apartment complex. Building 11 burned down on October 2, 2019 resulting in loss of personal property and displacing the Plaintiffs from their homes. The fire was initially investigated by two Jefferson Parish Fire Investigators the day of the fire. Another private examiner investigated the scene a week later, and all three examiners were able to place the ignition of the fire to a second-floor wood framed balcony. However, the investigators were unable to reach a definitive conclusion as to the cause of the fire. Plaintiffs have alleged that the fire was either caused by Defendants' employee who had been working at the complex a few hours earlier, or that

the fire was caused by the Defendants' failure to maintain the apartment complex in proper condition.

**I. Plaintiffs' Motion to Bifurcate and Separate Juries**

The Court will first address the Plaintiffs' motion to bifurcate and separate juries for each individual plaintiff.  Central to the Plaintiffs' argument is the allegation that Plaintiff Hamidah has a different burden of proof than plaintiffs Khan and Hamed.  Defendants argue, and the Court agrees, that there has been no indication that the same burden of proof fails to apply to all three families.  The Plaintiffs also argue that if the Court were to not bifurcate the trials, the Plaintiffs would be prejudiced because of the potential of the jury incorrectly applying the facts to the elements for each individual plaintiff.

**A. Standard**

Courts may separate trials into different phases or among plaintiffs or claims for several reasons.  *Federal Rules of Civil Procedure Rule 42(b)*.  Among those reasons are to avoid prejudice, for the convenience of the Court, or to expedite and economize the trial process.  *Id*.  Ultimately, the Court has broad discretion to determine if multiple trials are warranted.  *First Texas Savings Association v. Reliance Insurance Company,* 950 F.2d 1171, 1174 (5th Cir. 1992).  That broad discretion is to be left to the trial court and the trial court alone.  *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Circuit. 2018).  However, to separate issues to different juries is the exception, not the rule within the Fifth Circuit.  *McDaniel v. Anheuser-Busch, Inc.*, 987 F .2d 298, 304 (5th Cir. 1993).  Ultimately, the Court should not bifurcate if the bifurcation would result in unnecessary

delay, or cause additional expense to the parties even if it does in some way promote judicial economy. *Laitram Corp. v. Hewlett–Packard Company*, 791 F. Supp. 113, 115 (E.D. La. 1992).

### B. Discussion

The Plaintiffs' argument is based on three points:  1) bifurcation would be in the interest of efficient case management, 2) bifurcation in this matter eliminates confusion of differing applicable burdens, and 3) lack of bifurcation would submit Plaintiffs to undue risk of prejudice.  The Plaintiffs now argue that some of the plaintiffs would have a different burden of proof than others, and therefore all Plaintiffs would be prejudiced because of the differing elements of proof.  They further argue that because of the potential for different burdens, the jury would likely be confused in applying the different standards to the common set of facts in this case.  On the other hand, the Defendants argue that requiring them to defend the same claims separately would be prejudicial and a waste of the Court's time and resources because not only is there a common set of facts and claims among Plaintiffs, but it would require the Defendants to pay exponentially more legal fees for the defense of these claims.  Furthermore, the Defendants argue the prejudice that the Plaintiffs could potentially sustain if different burdens *were* to apply can be easily cured by a proper jury instruction.

The Court must determine if the potential for any prejudice exists, to which party it would affect, and ultimately if bifurcating would be an appropriate use of the Court's resources.  This case was filed in 2020.  The parties have already endured multiple years of costly litigation.  Requiring the Defendants to defend the same claims under the same set of facts at separate trials would substantially prejudice the Defendants more

so than it would promote judicial economy or eliminate any potential jury confusion. Additionally, the Court recognizes that *even if* there are multiple different burdens of proof among plaintiffs, the appropriate solution would be a proper jury instruction. The Plaintiffs' motion to bifurcate is **DENIED**.

## II. Defendants' Motion to Exclude Expert Witness and Testimony of Bill Price

The Court will next address the Defendants' motion to exclude the expert testimony of Fire Investigator Bill Price. The Defendants argue that Mr. Price fails to reach a conclusion, his opinion is conclusory, and that his methods are unreliable. Plaintiffs argue that the Defendants' grounds for exclusion are a matter of weight and not admissibility. Notably, the Defendants have previously moved to exclude Mr. Price previously, and the Court dismissed that motion without prejudice so that all parties could conduct proper discovery. As of the submission of this motion, all parties were able to conduct Mr. Price's deposition and thorough discovery, and much of that discovery was included as exhibits submitted to the Court with these written motions.

### A. Legal Standard

The District Court is the gatekeeper of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993); *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). For a witness to render an expert opinion, that person must be qualified by knowledge, skill, experience, training, or education. *Federal Rule of Evidence 702*. That opinion must help the trier of fact understand the evidence at issue, be based on sufficient facts and data, and be the product of reliable principles and methods. *Id.* To determine the reliability of the methodology, the Court traditionally

looks to a number of factors: 1) whether the theory used by the expert can be tested, 2) whether the theory was peer reviewed, 3) the potential rate of known error for the method used, and 4) if the method is accepted by the expert's professional or scientific community. *Daubert*, 509 U.S. 579, 592-594, 113 S.CT. 296-97. Of course, the list of factors should not apply strictly to all experts of all types of expertise, as the Supreme Court and the Fifth Circuit have recognized that applying Rule 702 restrictively would make certifying expert witnesses exceedingly difficult in an ever-evolving litigious world. Instead, the Court considers the specific factors where there are reasonable measures of reliability of expert testimony, meaning that while the Court is still the gatekeeper of expert testimony, it is not meant to replace the adversarial system entirely. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Circuit 2022). *Fed. R. Evid. 702* advisory committee's notes (2000). Additionally, expert witnesses must have the necessary knowledge, skills, or training to testify in a particular field on a given subject, however Rule 702 does not mandate that an expert be *highly* qualified in that field. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). When presented with this particular issue of the sufficiency of the level of expertise, often the actual question is one of the weight of the testimony, not the admissibility. *Daubert*, 509 U.S. at 596 (1993), *Viterbo v. Dow Chemical Company*, 826 F.2d 420, 422 (5th Circuit 1987).

### B. Discussion

The Defendants' first argument to strike Mr. Price as an expert witness is that Mr. Price allegedly misused the National Fire Protection Association Guide for Fire and Explosion Investigations handbook ("NFPA 921") in forming his conclusion, rendering the "reliable principles and methods" prong of Rule 702 unsatisfied. In making their

argument, the Defendants cite to other District Court decisions within this Court's district that allegedly excluded fire experts for misusing the same NFPA 921 guidelines that Mr. Price used in this case. In particular, the Defendants cite to Judge Vance's order in *Atlantic Specialty Insurance Company v. Porter*, stating that Judge Vance excluded the expert from offering any opinions at trial, and that Judge Vance relied on the expert's lack of adherence to NFPA 921 as a reason to exclude the testimony. No. CV 15-570, 2016 WL 6124193 (E.D. La. Oct. 20, 2016). Upon reviewing the proposed persuasive case law, and contrary to the argument made by Defendants, Judge Vance ruled the fire expert was reliable and his testimony was admissible even though the expert's testimony slightly wavered from NFPA 921 guidelines in forming his conclusion. *Id.* This Court does not find the Defendants' argument persuasive to support the Defendant's objection to Mr. Price's alleged use of NFPA 921. Placing aside the Defendants' reliance on *Atlantic Specialty Insurance*, defense counsel would have wide latitude to cross exam the expert. Even if this Court were to find that Mr. Price did not strictly adhere to the NFPA 921 guidelines, it does not necessarily prohibit him from eliciting an expert opinion as to how and when the fire started. Regardless, the Court finds that Mr. Price used reliable methods when forming his conclusion, that he had sufficient facts and data to come to that conclusion, that his testimony is relevant to the factfinder, and that he was able to reach a conclusion to a sufficient degree of necessary certainty. Defendants' first ground for striking Mr. Price has no merit and is denied.

Defendants' second argument alleges that Mr. Price's report fails to meet the requirements of Federal Rule of Civil Procedure 26 and therefore should be stricken.

The Court finds no merit in this objection as Mr. Price was deposed, issued two reports, and these motions were delayed by approximately a year while the parties were able to conduct extensive and additional discovery on this issue.

Finally, the Defendants move to strike Mr. Price's testimony because they argue Mr. Price's opinion will not assist the fact finder in this case because the opinion in one of itself does not meet the Plaintiffs' burden of proof.  Defendants argue that because Mr. Price's opinion does not rule out an electrical fire as a possible source of ignition, instead of pinpointing a specific cause of ignition to a higher level of certainty, the opinion should be excluded.  The Court finds no merit in this assertion.

The issues raised by the Defendants in this motion go to the weight of the testimony and not admissibility.  As such Defendants' **Motion to Exclude Expert Witness and Testimony of Bill Price (Rec. Doc. 124)** is **DENIED**, and Mr. Bill Price will be qualified as an expert witness at trial if he is so called as a witness by Plaintiffs.

### III. Defendant's Motion for Summary Judgment

Finally, the Court addresses the last motion it has under submission, the Defendants' **Motion for Summary Judgment (Rec. Doc. 123)**.  The Defendants move for summary judgment on both of the Plaintiffs' theories of liability: 1) premises liability and 2) fraud in violation of the Louisiana Unfair Trade Practices Act ("LUTPA").  Should this Court find there is a genuine issue of material fact on the two theories of liability, the Defendants ask the Court to bar damages with respect to: 1) treble damages on LUTPA because the Louisiana Attorney General had not previously put Defendants on notice that they were engaging in unfair trade practices, 2) mental anguish damages unless

there is evidence Defendants are tortiously liable for igniting the fire, and 3) special damages, capping them at $15,000 per apartment.  Both parties submitted statements of uncontested facts and numerous exhibits.  For the following reasons, the Motion for Summary Judgment is **DENIED in part** and **GRANTED in part**.

### A. Procedural History

This motion was first filed on November 23, 2021 (Rec. Doc. 49).  It was dismissed as premature and denied without prejudice on December 15, 2021 (Rec. Doc. 83) so that both parties could conduct additional necessary discovery.  Since that initial dismissal the Plaintiffs supplemented their expert reports, submitted that expert to deposition, and both sides have had the opportunity to file motions upon which this Court has previously ruled.

### B. Legal Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). "[A] dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 707–08 (5th Cir. 2021) (quoting *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Sedgwick James*, 276 F.3d at 759 (citing *Anderson*, 477 U.S. at 255).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Sedgwick James*, 276 F.3d at 759 (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. Id. (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

### C. Discussion

#### *Negligence*

In their first request, the Defendants move the Court for summary judgment on the Plaintiffs' negligence claim, arguing that no evidence exists in the record that the Defendants caused the ignition of the fire. The Defendants argue that the Plaintiffs must prove that the Defendants caused the fire to reach their burden of proof. In response, the Plaintiffs argue that their expert, Mr. Price found "a high probability that the source of ignition for the Baywood Apartments fire is an electrical fault likely caused by a rodent chewing on a wire or due to the age of the wiring".[1] Further, the Plaintiffs argue that the

---

[1] *Plaintiffs' Exhibit AD*, Supplemental Report of Bill Price.

proper burden that they must prove to prevail in this case is to show that the fire was caused by a defect or vice that the Defendant knew or should have known to exist in the property. The Court finds that there is a genuine issue of material fact and summary judgment is denied.

The Defendants' main argument in this portion of the motion is that no party can identify a cause of the fire that is more likely than any other. Mr. Price submitted a supplemental report and increased his level of certainty that the fire was caused by an electrical spark caused by a rodent chewing on the high from "possible" to "high probability". The Defendants argue that his opinion did not have the sufficient level of certainty of "more probable than not", therefore Plaintiffs cannot legally reach their burden. Both sides then provided the Court with case comparisons showing how other district courts in this jurisdiction and elsewhere have dealt with similar issues. The Court does not need to reach that level of analysis for this portion of the motion. The Defendants' attempted distinction between the words "high probability" and "more probable than not" is flawed. Regardless of their flaw in reasoning, the prevailing issue remains as to the source of the fire. The dispute between the competing levels of certainty of the different expert witnesses in this case has no bearing on this motion for summary judgment. For purposes of this motion the Defendants have the burden to prove that no reasonable jury could return a verdict for the non-moving party, with the Court viewing the evidence in the light most favorable to the Plaintiffs. Irrespective of the Plaintiffs' likelihood of success at trial, the record produced in this motion contains sufficient factual disputes as to the cause of the fire.

As the parties are aware, often in cases that involve mass casualty of property

through fire, there is not always a clear trail of breadcrumbs leading the factfinder or court to the cause of the fire. That is precisely why courts have allowed the use of circumstantial evidence to prove the source of ignition of fires in similar cases. Here, the Court was provided with work orders from pest control showing the existence of a growing rodent problem at Building 11. That fact was also acknowledged by both parties' fire experts. The existence of the rodent problem, combined with the testimony of an expert opinion supports this Court's holding that the source of the ignition of the fire is a genuine issue of material fact.

### *Louisiana Unfair Trade Practices Act*

In the Defendants' second part of its motion for summary judgment, they ask the Court to bar recovery of Plaintiffs' LUTPA claim. The Defendants argue that there was no material misrepresentation made to the Plaintiffs by offering them renter's insurance because the terms of the insurance were included in the insurance agreement. The Plaintiffs argue that the inducement by sending a flyer to each plaintiff contained misrepresentations about the terms of insurance that were offered.

For the Plaintiffs to prevail on a LUTPA claim, they must prove fraud. Plaintiffs must prove: 1) a misrepresentation, suppression, or omission of true information; 2) the intent to obtain an unjust advantage or to cause damage or inconvenience over them; and 3) the error induced by Defendants' fraudulent act must relate to a circumstance substantially influencing Plaintiffs to the contract at issue. *Louisiana Civil Code Article 1953*. LUTPA provides causes of action for those who suffer an "ascertainable loss" caused by another person's unfair trade practice. LUTPA prohibits a narrow range of practices. *Cheramie Servs.,* 35 So. 3d, 1055. Negligence alone, not coupled with some

sort of misrepresentation, deception, or other immoral and unethical conduct is not enough for a LUTPA violation. *Pizzaloto v. Hoover Company*, 486 So.2d 124, 127 (LA. App. 5 Cir. 1986). Furthermore, a plaintiff cannot recover through LUTPA if the damage was caused by an erroneous assumption that he never confirmed. *Id*., at 127.

On this ground of their motion, the Defendants prevail. Based on the exhibits presented to the Court, the Plaintiffs' LUTPA cause of action is hardly a misrepresentation by the Defendants and nothing more than assumptions made by the Plaintiffs. Central to the Plaintiffs' argument is that the Defendants' advertisement to purchase additional liability insurance misled the Plaintiffs into thinking that their personal property would be insured in the event of the type of accident similar to the one that occurred in this case. However, the flyer (Plaintiff Ex. U., Rec. Doc. 127-22) was not the only form of written communication that Defendants published to the Plaintiffs regarding this insurance. Numerous times the Plaintiffs were warned that this additional policy did not include the things they are now claiming they assumed it included.[2] The Plaintiffs clearly assumed that this additional insurance policy was in some way similar to a renter's insurance policy, which many residents of apartments purchase to insure their personal property. However, no where in the flyer that the Plaintiffs now claim to have induced them into purchasing the policy does the phrase "renter's insurance" appear.

The Court has not been provided with evidence of a misrepresentation by Defendants. Louisiana Law requires the Plaintiffs to prove more than that an erroneous assumption was never confirmed. To that point, the record is clear that the Plaintiffs never read the insurance policy, lease addendum, or lease agreement provisions regarding this

---

[2] Defendant's Exhibit F-1; H-1; F-2; G-1 (Rec. Doc. 123-15, 16, 17)

additional coverage, all of which were given to them by the Defendants.  Because no misrepresentation existed, no reasonable jury could conclude that Plaintiffs can meet their burden on their LUTPA claim.  Therefore, no genuine issue of material fact exists, and summary judgment is granted on the Plaintiffs' LUTPA claim.

### *Damages*

Finally, the Court turns it attention to the Defendants' motion for summary judgment to preclude the Plaintiffs' recovery on damages.  The Defendants' motion is three-fold: 1) Plaintiffs cannot recover on treble damages through LUTPA, 2) Plaintiffs cannot recover special damages capped at more than $15,000 per apartment, and 3) Plaintiffs cannot recover general damages unless they can prove that the Defendants caused the fire.  The above rulings render parts one and three of this portion of Defendants' motion moot.  The Court has already ordered that the Plaintiffs' LUTPA claim is legally insufficient, therefore that portion of the claim for damages will also be barred.  Next, the Court has ruled that the Plaintiffs have genuine issues of material fact in dispute to support its' theory that Defendants were at fault for starting the fire.  The Court was provided with sufficient evidence, which was not disputed by the Defendants, that the Plaintiffs experienced mental anguish from the emotional toll of experiencing their homes burn to the ground.  Therefore, they will not be barred from general damages and that portion of the motion is denied.  The Defendants argue that special damages for each apartment should be capped at $15,000 since the Plaintiffs believed they had purchased $15,000 in insurance coverage.  The Defendants cite no legal authority to support their theory, nor can the Court find any.  The Defendants' motion to limit the special damages at $15,000 is denied.

### D. Conclusion

In sum, there is a genuine issue of material fact as to the source of the fire and whether Defendants were responsible for the fire.  That portion of the Defendants' motion is DENIED.  However, there is no evidence that Plaintiffs were materially misled by the Defendants.  Mere assumptions by one party are not enough to prove a misrepresentation, especially when that same party signed a lease addendum without reading the document.  Therefore, the Motion for Summary Judgment on Plaintiffs' LUTPA claim is GRANTED.  Likewise, Plaintiffs' claim for LUTPA damages is DENIED as MOOT.  Further, the Court's ruling on the negligence claim renders the Defendants' motion with respect to general damages MOOT as well.  Finally, the Defendants' motion with the request to cap special damages at $15,000 is DENIED.

Accordingly;

**IT IS ORDERED** that Plaintiffs' **Motion to Bifurcate and Separate Juries (Rec. Doc. 121)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion in Limine to Exclude the Reports, Testimony, and Opinions of Bill Price (Rec. Doc. 124)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment (Rec. Doc. 123)** is **GRANTED IN PART AND DENIED IN** PART.  The motion is granted with respect to the Plaintiffs' LUTPA claim.  The motion is denied in part with respect to the other claims.

****

Case 2:20-cv-02253-JCZ-DPC   Document 137   Filed 01/24/23   Page 15 of 15

January 23, 2023

                                      JAY C. ZAINEY

                          UNITED STATES DISTRICT JUDGE